# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **DAMIEN JACKSON #311788,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | NO. 3:19-cv-01133 |
| | ) | JUDGE TRAUGER |
| **DSNF UNIT 7-D THERAPIST MR. SMITH, et al.,** | ) | |
| | ) | |
|     **Defendants** | ) | |

## MEMORANDUM AND ORDER

Damien Jackson, an inmate at Lois DeBerry Special Needs Facility in Nashville, Tennessee, has filed a pro se civil rights action under 42 U.S.C. § 1983. (Doc. No. 1.) The matter is before the court for a ruling on the plaintiff's application to proceed in forma pauperis ("IFP"). (Doc. No. 6.) In addition, the complaint (Doc. No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

    **A.**    **Application to Proceed as a Pauper**

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from the plaintiff's submission that he lacks sufficient financial resources from which to pay the full filing fee in advance, the court **GRANTS** his motion (Doc. No. 6) to proceed IFP in this matter.

However, under Section 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA

provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's inmate trust account; or (b) 20% of the average monthly balance in the plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $400 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Each time the trust account officer makes a payment to this court as required by this order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden of the Lois DeBerry Special Needs Facility to ensure that the custodian of the plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance

with this order.

B. **Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed in forma pauperis and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. Jan. 31, 2011).

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff alleges that Defendant Smith, a therapist who works in his prison unit, has

violated the plaintiff's constitutional rights by conditioning his ability to receive commissary items on his attendance at group therapy sessions. (Doc. No. 1 at 4.) He further alleges that Defendant Edwards, the prison grievance chairperson, and Warden Holloway have violated his rights by failing to respond appropriately to his grievances about Defendant Smith's actions. (*Id.* at 4–5.) He seeks damages totaling $20,000 from each defendant and "any other relief" to which the court finds him entitled. (*Id.* at 6.)

The crux of the plaintiff's complaint is his erroneous belief that "Defendant 7-D therapist Mr. Smith cannot force a citizen to undergo treatment against his will" or condition commissary privileges upon participation in treatment. (Doc. No. 1 at 4.) But, according to the Supreme Court, "[a] paramount objective of the corrections system is the rehabilitation of those committed to its custody." *McKune v. Lile*, 536 U.S. 24, 36 (2002) (quoting *Pell v. Procunier*, 417 U.S. 817, 823 (1974)). In *McKune*, the Supreme Court considered the constitutionality of a policy by the Kansas Department of Corrections that required certain prisoners to participate in a treatment program, and significantly changed the security classification of any prisoner who refused to participate:

> As part of this reduction, respondent's visitation rights, earnings, work opportunities, ability to send money to family, canteen expenditures, access to personal television, and other privileges automatically would be curtailed. In addition, respondent would be transferred to a maximum-security unit, where his movement would be more limited, he would be moved from a two-person to a four-person cell, and he would be in a potentially more dangerous environment.

*Id.* at 30–31. In determining that the policy was constitutional, the Court observed that "[a]n essential tool of prison administration . . . is the authority to offer inmates various incentives to behave," and that "[t]he Constitution accords prison officials wide latitude to bestow or revoke these perquisites as they see fit." *Id.* at 39. It also reflected that there was not "a single case from this Court holding that the denial of discrete prison privileges for refusal to participate in a rehabilitation program amounts to unconstitutional compulsion." *Id.* at 40.

*McKune* involved a claim that the program on which the inmate's privileges were conditioned required an effective admission of guilt in violation of the inmate's Fifth Amendment rights, but its result applies even more clearly if the plaintiff relies solely on his Fourteenth Amendment due process rights. "[C]hallenged prison conditions cannot give rise to a due process violation unless those conditions constitute 'atypical and significant hardship[s] on [inmates] in relation to the ordinary incidents of prison life.'" *Id.* at 37 (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995)). The plaintiff has not alleged any such hardship in this case. *See Williams v. Wilkinson*, 51 F. App'x 553, 557 (6th Cir. 2002) (holding that mandatory substance abuse program did not qualify as a significant and atypical hardship); *Payne v. Dretke*, 80 F. App'x 314, 315 (5th Cir. 2003) ("The penalties imposed upon Payne following his disciplinary conviction—commissary and recreation restrictions—do not implicate a liberty interest under the Due Process Clause."); *Harris v. Farley*, No. 4:11-CV-0619, 2011 WL 2472806, at *2 (N.D. Ohio June 22, 2011) ("Petitioner suffered the potential loss of visitation and commissary privileges, neither of which qualify as a protected liberty interest."). Accordingly, the plaintiff fails to state any claim against Defendant Smith.

The plaintiff also fails to state any claim with regard to the alleged improper handling of his grievances by the other defendants. Although inmates retain a general right to petition the government for redress of grievances, *Turner v. Safley*, 482 U.S. 78, 84 (1987), they do not have an inherent constitutional right to any particular state-created grievance procedure or even to an effective grievance procedure. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (affirming dismissal of claim that jail staff ignored grievances because inmate "cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure").

Accordingly, this action is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any appeal of this order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the final order denying all relief in this matter. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE